|  |  |  |
|---|---|---|
| In re: Joseph Caccamise, | ) | Case No: 09-17165-SSM |
| Cynthia Walters-Caccamise | ) | Chapter 13 |
| Debtors. | ) |  |
| _____ | ) |  |

# CHAPTER 13 PLAN AND RELATED MOTIONS[1]

This plan, dated September 23, 2009, is:

[X] the first Chapter 13 plan filed in this case.
[ ] a modified plan, which replaces the plan dated _____

    Date and Time of Modified Plan Confirmation Hearing:
    _____

    Place of Modified Plan Confirmation Hearing:
    _____

    The plan provisions modified by this filing are:

    Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection. This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

---

[1] This Plan conforms to the District's model form, complying with Local Rule 3015-2(A). Unnecessary portions have been deleted also in compliance with the local rule.

The debtor(s)' schedules list assets and liabilities as follows:
| | |
|---|---|
| Total Assets: | $ 703,853.10 |
| Total Non-Priority Unsecured Debt: | $ 23,895.29 |
| Total Priority Debt: | $ 2836.00 |
| Total Secured Debt: | $ 867,617.72 |

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$ 107.67** per <u>month</u> for <u>36</u> months. Other payments to the Trustee are as follows:

| Months | Creditors | Amount |
|---|---|---|
| 1-12 | Pesner, Kawamoto, Conway (Attorney fees) | $77.75/mo. |
| 1-36 | United States IRS | $78.78/mo. |

The total amount to be paid into the plan is $7,645.20.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**
       1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).

       2. Debtor(s)' attorney will be paid $933.00 balance due of the total fee of $3924.00 concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.** The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| 1. United States IRS | 11 USC §507(a)(8) | $2836.00 | Months 1-36, $78.78/mo. |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which § 506 Valuation is NOT Applicable.**

    ----- NONE -----

**B. Claims to Which §506 Valuation is Applicable.**

----- NONE -----

**C. Collateral to be surrendered.**

----- NONE -----

4. **Unsecured Claims.**
   A. Not separately classified. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 16.3 %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately 0.0 %.

   B. Separately classified unsecured claims.

   *See Part 7.*

5. **Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

   A. **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| 1. BAC Home Loans (a/k/a Country wide. (Acct. No. 79377016) | 6262 Redwinged Blackbird Drive, Warrenton, VA 20187 | ~$3150.00/mo. (variable) | $0.00 – current | Variable | N/A | N/A |
| 2. Jaguar Credit Department | Jaguar (Husband's) | $530.00/mo. | $0.00 – current | | N/A | N/A |

| (Acct. No. 448929816221) | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| 3. Chrysler Financial<br><br>(Account No. 1014942263) | Jeep Liberty (Wife's) | $96.56/mo. | $0.00 – current | | N/A | N/A |

    **B. Trustee to pay the contract payments and the arrearages.**

----- NONE -----

  **6. Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.** Executory contracts and unexpired leases to be rejected. The debtor(s) reject the following executory contracts.

----- NONE -----

    **B. Executory contracts and unexpired leases to be assumed.**

----- NONE -----

    **7. Motions to Avoid Liens.**

    **A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f)**. The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien. If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

----- NONE -----

    **B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

----- NONE -----

8. Treatment of Claims.
   • All creditors must timely file a proof of claim to receive payment from the Trustee.
   • If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   • If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9. Vesting of Property of the Estate. Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. Incurrence of indebtedness. During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. Other provisions of this plan:

Debtors have made an arrangement with creditor Alliant Credit Union, Alliant Credit Union agrees to keep all lines of credit open including all checking and savings accounts and credit cards listed for account numbers 154397 and 55858. Debtors and the Trustee agree that these accounts and lines of credit are to be used for the reorganization of the Debtors' credit rebuilding and self employment business use and that Debtors will continue to pay on all accounts 154397 and 55858 in the normal course of business and will exclude them from any payments to the Trustee in this Plan.

Signatures:
Dated: 9/23/09

_/s/ Joseph Caccamise_, Debtor

/s/
Martin C. Conway, Counsel

_/s/ Cynthia Walters-Caccamise_, Joint-Debtor

Exhibits: Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

# CERTIFICATE OF SERVICE

I certify that on September 24, 2009, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
James T. Tsai (VSB No. 76141)
PESNER KAWAMOTO CONWAY, PLC
7926 Jones Branch Drive, Suite 930
McLean, VA 22102
(703) 506-9440 (telephone)
(703) 506-0929 (facsimile)